**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY, AXA NETWORK, LLC & AXA NETWORK OF TEXAS, INC., <br><br>         Plaintiffs, <br><br>    - against - <br><br> RICHARD EHRLICH, <br><br>         Defendant. | 08 CV 01972 (MGC) (MM) |

# EXHIBIT F

# TO PLAINTIFF'S ANSWERING MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TO STAY, DATED MAY 30, 2008

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: JANE S. SOLOMON                                   PART 55
                    Justice

Index Number : 601618/2007                      INDEX NO. 601618-07
AXA EQUITABLE LIFE INSURANCE                    MOTION DATE 9/10/07
vs.                                             MOTION SEQ. NO. #001
EPSTEIN, GABRIEL
SEQUENCE NUMBER : # 001                         MOTION CAL. NO.
STAY ACTION

... were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1-3 |
| Answering Affidavits — Exhibits (Memorandum of law) | |
| Replying Affidavits | |

Cross-Motion:   ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion is decided in accordance with the annexed memorandum decision and order.

N.B. -- preliminary conference scheduled for March 3, 2008 at noon.

FILED
JAN 30 2008
NEW YORK
COUNTY CLERK'S OFFICE

Dated: 1/29/08

JANE S. SOLOMON   J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Check one:   ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : IAS PART 55
----------------------------------------X
AXA EQUITABLE LIFE INSURANCE COMPANY,          INDEX NO. 107292/07
AXA NETWORK, LLC & AXA ADVISORS, LLC,

                    Plaintiffs,               DECISION and ORDER

       -against-

GABRIEL EPSTEIN,

                    Defendant.
----------------------------------------X
```

JANE S. SOLOMON, J.

Defendant Gabriel Epstein (Epstein) moves pursuant to CPLR 2201 to stay this lawsuit pending a final resolution of a different lawsuit, AXA Equitable Life Insurance Company v Wells Fargo Bank, N.A. (the Georgia Action), which is in the United States District Court for the Northern District of Georgia. Epstein argues that the issues in that lawsuit present a threshold to this action, and could dispose of this case in its entirety. Plaintiffs (AXA) contend that the parties and issues in the Georgia Action are different, so a stay under CPLR 2201 is not appropriate.

AXA sells life insurance. Epstein acted as an independent agent, pursuant to a contract, to sell life insurance policies. Epstein offered to sell policies to two individuals who were married to one another, Mali Koenig and Ben Zion Koenig (Koenigs).

The Koenigs submitted four applications for insurance to AXA, through Epstein. The beneficiaries of the policies are four

trusts, called the Mali Koenig Insurance Trusts A and B 05/1106, and the Ben Zion Koenig Insurance Trusts A and B 05/11/06 (the Koenig Trusts). The trustee of the Koenig Trusts is Wells Fargo Bank, N.A.; its employee executed the applications as trustee on May 12, 2006 in Atlanta, Georgia. The policies are governed by Georgia law. In the applications, the Koenigs state that they owned certain property and had a net worth of $26 million.

AXA issued four policies, two insuring Mali and two insuring Ben Zion. Each policy provided $10 million in insurance. AXA paid Epstein $1,035,726 in commissions for the four policies. AXA subsequently investigated the Koenigs' application and determined that their representation of assets and net worth was false.

In December 2006, AXA sent a letter to Wells Fargo stating that it rescinded the policies based on material misrepresentations in the applications. AXA commenced the Georgia Action in early 2007, seeking declaratory judgment that the policies were rescinded and void *ab initio*. Defendants in that action are Wells Fargo as trustee and the four Koenig Trusts. The court in the Georgia Action issued a scheduling order for discovery and dispositive motions dated June 6, 2006 (see Civil Docket for Case # 1:07-CV-00512-MHS, annexed to Notice of Motion at Exhibit C). On June 8, 2006, the Koenigs made a motion to intervene that was not yet decided when this motion was submitted in September

2

2007 (id.).

AXA commenced this action against Epstein in May 2007. The complaint alleges five causes of action: Breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion and replevin. AXA alleges that under the terms of its agency agreement with Epstein, he was obligated to return the commissions, with interest, when AXA refunded the premium it received for the Koenig's policies. AXA contends that Epstein refused to refund his commissions in breach of the contract, and that his retention of the money constitutes unjust enrichment. The other causes of actions essentially present alternative theories of recovery.

Epstein answered and counter-claimed with the same five causes of action, plus a sixth counter-claim alleging employment discrimination.

On this motion, Epstein argues that the Georgia Action involves a threshold issue to this lawsuit: Under the law of the State of Georgia, are the policies rescinded and void? He argues that the federal court's determination of those issues will decide whether he is entitled to keep his commissions, and therefore, a stay under CPLR 2201 is appropriate.

CPLR 2201 provides that "Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as

3

may be just." This broad discretionary language has been limited by decision (see, Hope's Windows, a Division of Roblin Indus., Inc. v Albro Metal Corp., 93 AD2d 711 [1st Dept 1983] and Middlebury Office Park Limited Partnership v Gen Datacom Indus., Inc., 248 AD2d 313 [1st Dept 1998]). In the Hope's Windows case, the court re-affirmed earlier authority stating that a stay under CPLR 2201 was not properly granted unless "the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions . . . What is required is complete identity of parties, causes of action and judgment sought" (id. at 712, citations omitted). In the present case, there is not a complete identity of parties, causes of action or judgment sought; indeed, the only clear overlap in any of these elements is that AXA is plaintiff both here and in the Georgia Action.

Epstein, however, argues that appellate courts have since broadened the analysis presented in Hope's Windows to hold that a stay may be warranted when there is a substantial identity between state and federal actions, and there is substantial overlap between the issues raised in the two proceedings (Asher v Abbott Laboratories, 307 AD2d 211 [1st Dept 2003]). Primary reasons for granting a stay are to avoid inconsistent rulings and to promote judicial economy. Even under this less rigid approach, however, a stay is not warranted.

4

The issues presented in the Georgia Action do not substantially overlap the issues presented here, where the dispute involves whether Epstein is entitled under his contract with AXA to retain a commission he received for the Koenig policies, and whether AXA engaged in anti-Semitic discrimination by demanding a refund.

The question of AXA's ability to rescind the Koenig policies under Georgia law when it determines that the policies were obtained by fraud is not presented on the face of either the complaint or the counter-claim. Epstein is not a party to the Georgia Action. Although he may ultimately be entitled to keep his commission if the federal court declares that AXA could not rescind the policies (and accordingly it keeps the premiums paid by the Koenigs), Epstein does not state that if the policies are held to be void ab initio, he will return the commissions, nor does he explain how resolution of the Georgia Action will affect his discrimination claim here. Accordingly, it hereby is

ORDERED that Epstein's motion to stay this action is denied; and it further is

ORDERED that counsel shall appear for a preliminary conference in Part 55, 60 Centre Street, Room 432, New York, New York, on March 3, 2008 at 12 noon.

Dated: January 29, 2008

ENTER:

_____
J.S.C.

JANE S. SOLOMON

G:\SHARED\080125 AXA Equitable v Epstein stay.wpd

FILED
JAN 30 2008
NEW YORK
COUNTY CLERK'S OFFICE

6